**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                         No. 96-4018

CARLOS BERNARD ADAMS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-95-217)

Submitted: August 22, 1996

Decided: September 12, 1996

Before RUSSELL, HALL, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. Margaret B. Seymour, United States
Attorney, Scarlett A. Wilson, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Carlos Bernard Adams pled guilty to possession of crack cocaine with intent to distribute, 21 U.S.C.A. § 841 (West 1981 & Supp. 1996), nearly a year after he was arrested by state authorities during a controlled drug buy in July 1994. Adams was sentenced to a term of 98 months imprisonment. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but indicating that, in his view, there are no meritorious issues for appeal. Adams has filed a pro se supplemental brief, an amended supplemental brief, and a reply brief. Finding no error after a review of the entire record, we affirm.

Adams' counsel first suggests that the district court failed to comply adequately with Fed. R. Crim. P. 11 in accepting his guilty plea because, in summarizing the plea agreement, the prosecutor failed to state that Adams' cooperation had to be substantial to earn a motion for a departure. However, because the plea agreement so stated, any error in this regard was harmless. Fed. R. Crim. P. 11(h). Second, he questions whether the district court erred in failing to depart. Because the government did not move for a substantial assistance departure, USSG § 5K1.1,* the district court lacked authority to depart downward on that basis.

We find no merit either in any of the issues raised by Adams in his supplemental briefs. His objection to the enhancement for possession of a firearm during the offense was withdrawn at sentencing and is not properly raised on appeal; moreover, the enhancement was not plainly erroneous. The Supreme Court's recent decision in Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448/7492), does not apply to enhancements under USSG § 2D1.1(b)(1). See United States v. Gary , 74 F.3d 304, 317 n.11 (1st Cir.), cert. denied, ___ U.S. #6D6D 6D#, 64 U.S.L.W. 3855 (U.S. June 24, 1996) (No. 95-9074).

_____
*United States Sentencing Commission, Guidelines Manual (Nov. 1995).

2

Consequently, Adams did not qualify for a sentence under the safety valve provisions of 18 U.S.C.A. § 3553(f) (West Supp. 1996), which would not have lowered his sentence in any case because his guideline range of 87-108 months was higher than the mandatory minimum sentence of 60 months.

The probation officer and the district court correctly calculated Adams' offense level. We are unable to discern any bias or prejudice on the part of the district court either from the court's comments during the various proceedings or from the government's dismissal of federal charges against one co-defendant (deferring to state prosecution) or the fact that another received a lower sentence than Adams did.

Adams maintains that the government failed to prove that the substance seized was crack cocaine rather than some other form of cocaine base. However, he agreed in the district court that the substance was crack and we find that the factual basis for his plea was more than adequate. Similarly, Adams' claim that the government promised to move for a substantial assistance departure is belied by the record below. The plea agreement promised a motion only if the government deemed that Adams had provided substantial assistance; at sentencing, his attorney stated that the government had not breached the agreement by failing to move for a departure.

Contrary to Adams' assertion, the federal statute of limitations had not run when he was arrested by federal authorities in January 1995. An indictment must be handed down within five years after the commission of a noncapital offense. 18 U.S.C. § 3282 (1988). Because the record below does not conclusively demonstrate that Adams received ineffective assistance of counsel, we will not consider this claim on direct appeal. United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992), cert. denied, 507 U.S. 942 (1993).

In accordance with Anders, we have examined the entire record in this case and find no meritorious issues for appeal. Therefore, we affirm the conviction and the sentence.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further

3

review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED

4